UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MICHAEL C. HANSEN,

    Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner of Social Security Administration

    Defendant.

Case No. C10-5283RJB

ORDER ON REPORT AND RECOMMENDATION AND GRANTING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND EXPENSES PURSUANT TO THE EAJA

This matter comes before the court on the Report and Recommendation of the Magistrate Judge. Dkt. 29. This matter has been fully briefed. *See* Dkts. 30, 31, and 32. The court has considered the relevant documents and the file herein.

After considering and reviewing the record, this Court concurs with the thorough analysis of the Magistrate Judge, except as to the amount of attorney's fees. In considering the amount of the attorney's fees to be awarded to plaintiff, additional analysis is warranted. For the reasons stated below, in addition to the $26.72 for mailing expenses incurred, the plaintiff should also be awarded $4,971.70 in attorney's fees in this matter, which reflects a 25% reduction in hours billed for drafting plaintiff's opening and reply briefs (Dkts. 12 and 16).

I. BACKGROUND

Plaintiff, Michael C. Hansen, ("plaintiff"), filed applications for supplemental security income and disability insurance benefits on August, 2005. Dkt. 29, at 2. On March 13, 2008, an Administrative Law Judge ("ALJ") issued a decision finding that plaintiff was not eligible to collect disability benefits as defined in the Social Security Act. On February 18, 2010, the Appeals Council denied plaintiff's request for review, making the ALJ's decision final, subject only to appeal by judicial review in federal court. Dkt. 4, at 2. *See* 20 C.F.R. § 404.981.

On May 4, 2010, plaintiff filed a Complaint in this court appealing the ALJ's decision. Plaintiff's claim was referred to Magistrate Judge J. Richard Creatura on July 20, 201 pursuant to 28 U.S.C. § 636(b)(1) and Local Magistrates Rule MJR 4(a)(4). The magistrate judge reviewed plaintiff's claim and submitted a Report and Recommendation to this Court. Dkt. 17. This Court adopted the recommendation and ordered that case reversed and remanded to the ALJ for further consideration. Dkt. 19.

On April 19, 2011, plaintiff filed a Motion for Attorney's fees and Expenses Pursuant to 28 U.S.C. §2412, the Equal Access to Justice Act ("the EAJA"). Dkt. 20. Plaintiff requested an award of $26.17 in expenses incurred and $6,039.57 in attorney's fees, based on 34.5 hours of work billed at the EAJA rate of $175.06 per hour. Dkt. 20-1. Defendant filed a Response on May 2, 2011, Dkt. 22, and plaintiff filed a Reply on May 6, 2010. Dkt. 23.

On May 26, 2011, Judge Creatura issued a Report and Recommendation (Dkt. 24), which this Court vacated. Dkt. 28. On July 8,2011, Judge Creatura issued a second Report and Recommendation, which included the recommendation of a reduction of attorney's fees by approximately 50% from the amount plaintiff requested. *Id*., at 2.

## II. LEGAL STANDARD

28 U.S.C. § 2412(d)(1)(A) of the EAJA requires that in any action brought by or against the United States, "a court shall award to a prevailing party other than the United States fees and other expenses . . . unless the court finds the position the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A).

The fee applicant bears the burden of documenting the appropriate hours expended in the litigation and must submit evidence in support of those hours worked. *Gates v. Gomez*, 60 F.3d 525, 534-35 (9th Cir. 1995). The party opposing the fee application has the burden of rebuttal and must submit evidence challenging the accuracy and reasonableness of the hours charged or the facts asserted. *Id*.

When reviewing fee applications and any opposition to them, this Court has independent power to review hours to determine their reasonableness. *Hensley v. Eckerhart*, 461 U.S. 424, 433, 436, 437 (1983). In determining the reasonableness of attorney's fees, the court arrives at the "lodestar amount" by multiplying the number of hours reasonably expended by a reasonable hourly rate. *Jordan v. Multnomah County*, 799 F.2d 1262, 1265 (9th Cir. 1986) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)).

The court should also consider the following factors when reviewing a claim for attorney's fees: (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the 'undesirability' of the case, (11) the nature and length of the professional

| | |
|---|---|
| 1 | relationship with the client, and (12) awards in similar cases. *Kerr v. Screen Extras Guild, Inc.*, |
| 2 | 526 F.2d 67, 69-70 (9th Cir.1975), *cert. denied*, 425 U.S. 951 (1976). These considerations are |
| 3 | consistent with Washington Rules of Professional Conduct 1.5. |

### III. DISCUSSION

Plaintiff prevailed on his claim appealing an ALJ decision to deny him disability benefits, so he is entitled to reasonable attorney's fees.

*Time and Labor:* Plaintiff was represented by Eitan K. Yanich, an experienced attorney in Social Service matters, who billed 34.5 hours for this case. Time expended on the case included: multiple correspondences with plaintiff and defense counsel; preparing the Complaint, Civil Summons, and motions; completing EAJA forms and documents; and drafting opening and reply briefs. Except for hours billed drafting the two briefs, the number of hours billed is reasonable. However, "block billing" of 24.4 hours for two briefs appears unreasonable, especially when substantial portions of the briefs are common to similar disability appeals claims generally. It appears to the court that a reasonable number of hours spent drafting the opening brief is 11.775 hours (15.7 hours minus 25% of 15.7), and a reasonable number of hours spent on drafting the reply brief is 6.525 hours (8.7 hours minus 25% of 8.7), a total reduction of 6.1 hours. By this calculation, plaintiff should be awarded 28.4 hours total in attorney's fees (see calculation below for total amount of attorney's fees awarded).

*Novelty of the case and requisite skill.* This case involved knowledge of disability law, particularly as it applies to the administrative appeal process and to obtaining related benefits. Proper representation of plaintiff's claim required specialized knowledge and skill.

*Preclusion of employment elsewhere, fixed or contingent fee, time limitations, length of relationship, and similar awards.* Although plaintiffs' counsel was unable to work on other

cases while working on this case, there is no indication that working on this case presented a significant hardship to plaintiff's counsel. These considerations are of scant relevance here.

*Customary fee*. Defense has not alleged that plaintiff counsel's hourly rate is unreasonable. An hourly rate of $175.06, in compliance with the EAJA, is reasonable.

*Amount involved and results*. This is only one factor of nine factors in *Kerr*, not the exclusive factor.

Plaintiff's counsel argues that the remand ordered without the award of benefits is an excellent result. Dkt. 32-2. Defense counsel argues that the result cannot be considered "excellent," since 47% of disability cases that appeal ALJ decisions are remanded; instead, the result can better be characterized as "good." Dkt. 31, at 3. Therefore, while this Court does not wish to undermine plaintiff's sense of vindication in the result, given the statistically infrequent but possible chance of prevailing on award benefits, the result is best described as good, not excellent.

*Experience, reputation*. The attorney in this case was experienced and knowledgeable in the area of disability benefits, deserving of the full EAJA hourly rate.

*Undesirability of case*. This case was neither desirable nor undesirable.

Therefore, it is hereby

**ORDERED** that the Report and Recommendation (Dkt. 29) is **ADOPTED**, except as to the amount of attorney's fees to be awarded. Plaintiff is awarded fees and expenses as follows: $26.17 in expenses and $4,971.70 in attorney's fees ($175.06 x 28.4 hours = $4.971.70), for a total of $4997.87.

1 | The Clerk of the Court is instructed to send uncertified copies to this Order to all counsel
2 | of record and to any party appearing *pro se* at said party's last known address.
3 | DATED this 1st day of September, 2011.

*[signature: Robert J. Bryan]*

ROBERT J. BRYAN
United States District Judge